**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ALEXIA JASMINE MARIE HARVEY, | Case No.: 8:26-cv-00787 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, | |
| Defendants. | |

## COMPLAINT

Alexia Jasmine Marie Harvey ("Plaintiff") brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union"), (collectively, the "Defendants") for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.*, arising out of Defendants' mixing Plaintiff's credit file with another consumer.

## PARTIES

1. Plaintiff is a natural person residing in Tampa, Florida, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant Experian is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, and is authorized to do business in the State of Florida, including within this District. Experian can be

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

served at its registered agent for service C T Corporation System at 330 North Brand Boulevard Glendale, California 91203.

3.     Defendant Trans Union is a limited liability company with a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661, and is authorized to do business in the State of Florida, including within this District. Trans Union can be served at its registered agent for service Illinois Corporation Service Company at 801 Adlai Stevenson Drive Springfield, Illinois 62703.

4.     Defendants are "consumer reporting agencies" as defined in 15 U.S.C. § 1681a(f). Defendants are regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

5.     The information Defendants collect, maintain, and sell includes confidential details about the income, finances, credit histories, address histories, application histories, credit review histories, and employment histories of 245 million Americans. Defendants also collect consumers' personal identifiers, such as Social Security Numbers ("SSNs"), dates of birth, telephone numbers, and addresses.

6.     Defendants collect and maintain such information about consumers, whether consumers like it or not.  Consumers do not have a choice as to whether Defendants collect and maintain information about them.  Not only that, but

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

consumers cannot remove information that Defendants collect and maintain about them from the Experian and Trans Union databases. Further, Defendants sell that information about consumers for its unilateral profit, none of which is shared with the Plaintiff, who is the subject of the very data that Defendants sold.

## **JURISDICTION AND VENUE**

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## **FACTUAL ALLEGATIONS**

### **Plaintiff's Discovery of Mixed Files**

9.     In or around early November 2025, Plaintiff discovered that her credit file had been mixed with her twin sister's (the "Mixed-Consumer").

10.     Plaintiff discovered that her credit file had been mixed after being denied a job due to the Mixed-Consumer's information being reported on her consumer report.

11.    Upon information and belief, Plaintiff discovered that the mixed information originated from the Credit Reporting Agencies, including Defendants and non-party Equifax Information Services LLC ("Equifax").

12.    Subsequently, in or around early November 2025, Plaintiff was able to secure copies of her credit reports.

13.    Upon review, Plaintiff discovered that her consumer files contained personal identifying information, accounts, and inquiries that do not belong to her but instead belong to the Mixed-Consumer.

14.     Plaintiff and the Mixed-Consumer are separate individuals with distinct identifiers:

    (a)    Plaintiff's name is Alexia Jasmine Marie Harvery and the Mixed-Consumer's names is *Alexis* **Jayasmine** *Infinity* Harvey.

    (b)    Plaintiff resides in Tampa, Florida. The Mixed-Consumer resides in Fort Wainwright, Alaska.

    (c)    Plaintiff and the Mixed-Consumer have different Social Security Numbers.

15.    Despite these material distinctions, the Defendants and Equifax information belonging to the Mixed-Consumer within Plaintiff's consumer file.

16.    Specifically, the Defendants and Equifax were reporting the following accounts which did not belong to Plaintiff (the "Mixed Tradelines"):

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

(a)    COMMUNITY SOUTH CU
Account number: 431050XXXXXXXXX
Balance: $15,966
Date Opened: May 21, 2024
Status: Collection account. $742 past due as of Oct 2025.
Reported By: Experian and Trans Union

(b)    CAPITAL ONE
Account number: 517805XXXXXX
Balance: $2,571
Date Opened: 04/22/2022
Status: Open/Never Late.
Reported By: Experian and Trans Union

(c)    CREDIT UNION 1
Account number: 697935XXXX
Balance: $0
Date Opened: Nov 09, 2022
Status: Paid, Closed/Never late.
Reported By: Experian and Trans Union

(d)    NUVISION FCU
Account number: 64148991XXXX
Balance: $40,088
Date Opened: 01/11/2025
Status: Open/Never Late.
Reported By: Experian and Trans Union

(e)    PENTAGON FCU
Account number: 43067900XXX
Balance: $7,993
Date Opened: 03/08/2020
Reported By: Trans Union

17.    The aforementioned Mixed Tradelines do not belong to Plaintiff, rather they belong to the Mixed-Consumer.

18.     Defendants and Equifax were also reporting the personal identifying information belonging to the Mixed-Consumer on Plaintiff's consumer reports, including the Mixed-Consumer's name and address (the "Mixed Identifiers").

19.     Further, Defendant was also reporting the following account inquiries, with whom Plaintiff did not have an account relationship (the "Mixed Inquiries"):

(a)     JPMCB CARD, October 19, 2025
(b)     ALLY FINANCIAL, January 11, 2025
(c)     CHRYSLER CAPITAL, January 11, 2025
(d)     CREDIT UNION 1 January 11, 2025
(e)     ML/GLOBAL FCU, January 11, 2025
(f)     NUVISION FCU, January 11, 2025
(g)     GENE S CHRYS, January 11, 2025
(h)     NAVY FCU, January 11, 2025
(i)     MAC FEDERAL, January 11, 2025

20.     Plaintiff did not apply for credit with any of the aforementioned entities and did not have a relationship with any of the aforementioned entities.

21.     Defendants did not have a permissible purpose for furnishing information about Plaintiff to the above-referenced entities on the above-referenced dates.

22.     Upon information and belief, all of the above-referenced inquiries were initiated by credit applications submitted by a different consumer.

23.     As Plaintiff had not authorized any of the above-referenced entities listed in the Mixed Inquiries to request Plaintiff's credit report from Defendant on the above-referenced dates in 2025, nor did Plaintiff enter into any business

transaction or relationship which otherwise may have provided a basis for those entities securing a copy of Plaintiff's credit report from Defendant, Defendant disclosed information about Plaintiff to the above-referenced entities without a permissible purpose and in violation of 15 U.S.C. § 1681b(a).

**Plaintiff Disputes with Defendants in November 2025**

24.     On or about November 9, 2025, worried that something was very wrong with her credit files, and confused at the sight of the Mixed Tradelines, Mixed Identifiers, and Mixed Inquiries (collectively, the "Mixed Information") and the extent of the mix, Plaintiff sent a dispute letter to Defendants and Equifax, via certified mail, and disputed the inaccuracies.

25.     Specifically, Plaintiff disputed the Mixed Information that did not belong to her.

26.     To assist in properly identifying her file and distinguishing her from the Mixed-Consumer, Plaintiff enclosed copies of her driver's license, Social Security card, and proof of address.

27.     Plaintiff requested that the Defendants reinvestigate the disputed Mixed Information, correct the reporting, and send her a corrected copy of her credit report.

**Defendant Experian's Unreasonable Dispute Reinvestigation**

28.    Upon information and belief, Defendant Experian received Plaintiff's November 2025 dispute.

29.    Upon information and belief, Defendant Experian received Plaintiff's November 2025 dispute.

30.    To date, Plaintiff has not received any communication from Defendant Experian in response to her November 2025 dispute. Upon information and belief, Experian failed to correct and un-mix Plaintiff's consumer file.

31.    Defendant Experian failed to conduct a reasonable investigation of Plaintiff's November 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant Trans Union's Unreasonable Dispute Reinvestigation**

32.    Upon information and belief, Defendant Trans Union receive Plaintiff's November 2025 dispute.

33.    Upon information and belief, Defendant Trans Union received Plaintiff's November 2025 dispute.

34.    To date, Plaintiff has not received any communication from Defendant Trans Union in response to her November 2025 dispute. Upon information and belief, Trans Union failed to correct and un-mix Plaintiff's consumer file.

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

35. Defendant Trans Union failed to conduct a reasonable investigation of Plaintiff's November 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff's Applies for Credit with Capital One in November 2025**

36. Still desperate for financing to support herself, Plaintiff felt she had no choice but to move forward with applying for credit.

37. In or around early November 2025, Plaintiff applied for Capital One Venture Credit Card with non-party Capital One.

38. For Capital One to make a determination on Plaintiff's credit application, it would need to obtain copies of Plaintiff's credit files. Plaintiff provided Capital One with her personal identification information, including her Social Security number, and authorized it to obtain his credit files.

39. Upon information and belief, Defendants sold consumer reports about Plaintiff to Capital One in relation to Plaintiff's credit application.

40. On or about November 10, 2025, Capital One informed Plaintiff that her application for credit was denied.

41. Upon information and belief, Defendants, in the consumer reports they sold to Capital One concerning Plaintiff, reported the Mixed Information belonging to the Mixed-Consumer.

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

42.    Upon information and belief, this denial directly resulted from Defendants' reporting of the Mixed Information belonging to the Mixed-Consumer on Plaintiff's consumer report.

43.    By reporting the Mixed Information in the credit file presumably about Plaintiff, despite the fact that the accounts and information do not belong to Plaintiff, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff Applies for Credit with The Bank of Missouri in November 2025**

44.    Determined to get financing to better support herself, Plaintiff continued to search for credit opportunities.

45.    In or around early November 2025, Plaintiff applied for a Milestone Mastercard with non-party The Bank of Missouri ("TBOM").

46.    For TBOM make a determination on Plaintiff's credit application, it would need to obtain copies of Plaintiff's credit files. Plaintiff provided TOMB with her personal identification information, including her Social Security number, and authorized it to obtain his credit files.

47.    Upon information and belief, Defendants sold consumer reports about Plaintiff to TBOM in relation to Plaintiff's credit application.

48.    On or about November 13, 2025, TBOM informed Plaintiff that her application for a credit was denied.

49.    Upon information and belief, Defendants, in the consumer reports they sold to TBOM concerning Plaintiff, reported the Mixed Information belonging to the Mixed-Consumer.

50.    In their denial, TBOM explained that they based their decision on information reported by Defendants.

51.    By reporting the Mixed Information in the credit file presumably about Plaintiff, despite the fact that the accounts and information do not belong to Plaintiff, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

### Plaintiff's Mixed Credit File as of January 2026

52.    Concerned about the state of her credit files and the Defendants' lack of response, Plaintiff decided to request another copy of her credit files from Defendants.

53.    On or about January 3, 2026, Plaintiff obtained a copy of her Trans Union consumer report.

54.    Upon review of the January 3, 2026, Trans Union report, Plaintiff discovered that Trans Union continued to report all of the Mixed Information on her

consumer report, despite her dispute in November 2025.

55.    Further, the Mixed Tradelines were reported without any notation indicating that they were disputed by Plaintiff.

56.    When Plaintiff attempted to obtain an updated Experian report on January 3, 2026, the only report available was dated September 8, 2025, and did not reflect any reinvestigation results.

57.    Experian did not provide Plaintiff with a corrected or updated consumer disclosure following her November 2025 dispute.

58.    Defendants failed to conduct a reasonable investigation of Plaintiff's November 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

59.    Defendants are aware that its credit reporting system can and does result in the mixing of consumer credit files, commonly known as the "mixed file" problem. Defendants' matching algorithms and database rules improperly associate and merge credit information from different individuals, leading to inaccurate credit reports, many times each year. These errors not only misrepresent consumers' financial histories but also expose personal and financial information to unauthorized third parties, creating risks of identity theft, privacy violations, and unjust credit denials. Despite knowledge of these effects, Defendants' algorithms

and procedures continue to allow and cause consumers' files to be inappropriately merged, interfering with their ability to access credit, employment, housing, and insurance.

60.    Defendants had long been aware of the mixed file issue, as evidenced by federal enforcement actions and litigation spanning decades, including lawsuits brought by the Federal Trade Commission, state Attorneys General, and many private consumers. Defendants have previously entered into agreements and consent decrees mandating corrective action, and Defendants have been penalized with punitive damages awards in private actions. Yet, mixed files persist.

## Plaintiff's Damages

61.    Thereafter, and upon information and belief, the Defendants failed to unmix Plaintiff's credit file from that of the other consumer and likely Defendants continued to report the other consumer's information to Plaintiff's credit file.

62.    Upon information and belief, because Defendants continues to mix Plaintiff's credit file with that of the Mixed-Consumer, Defendants continues to sell Plaintiff's credit file in response to applications and inquiries pertaining to the Mixed-Consumer.

63.    As a result of the "mixed file," Defendants have made it practically impossible for Plaintiff to obtain credit.

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

64.    At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

65.    At all times pertinent hereto, the Defendants' conduct, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

66.    Defendants are aware of the shortcomings of its procedures and intentionally choose not to comply with the FCRA to lower its costs.  Accordingly, Defendants' violations of the FCRA are willful.

67.    As a result of the Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

## CLAIMS FOR RELIEF

### COUNT I AS TO EXPERIAN
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (First Claim for Relief Against Defendant Experian)

68.     Plaintiff incorporates by reference Paragraphs Nos. 1-2, 4-31, 36-52, and 56-67 of this Complaint as though fully set forth herein at length.

69.     The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

70.     On at least one occasion, Defendant Experian prepared patently false consumer reports concerning Plaintiff.

71.     Defendant Experian mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

72.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

73.    As a result of the Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

74.    In addition to the foregoing, Plaintiff suffered specific adverse credit actions, including the November 10, 2025, denial of a Capital One Venture Credit Card and the November 13, 2025, denial of a Milestone Mastercard, the latter of

which expressly relied on information furnished by Defendants Trans Union and Experian.

75.   Defendant Experian's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

76.   Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT I AS TO TRANS UNION**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(First Claim for Relief Against Defendant Trans Union)**

77.   Plaintiff incorporates by reference Paragraphs Nos. 1, 3-27, 32-55, and 58-67 of this Complaint as though fully set forth herein at length.

78.   The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible***

*accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

79. On at least one occasion, Defendant Trans Union prepared patently false consumer reports concerning Plaintiff.

80. Defendant Trans Union mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

81. Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

82. As a result of the Defendant Trans Union's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and

emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

83.   In addition to the foregoing, Plaintiff suffered specific adverse credit actions, including the November 10, 2025, denial of a Capital One Venture Credit Card and the November 13, 2025, denial of a Milestone Mastercard, the latter of which expressly relied on information furnished by Defendants Trans Union and Experian.

84.   Defendant Trans Union's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Trans Union was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

85.   Plaintiff is entitled to recover attorneys' fees and costs from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II AS TO EXPERIAN
## 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation
### (Second Claim for Relief Against Defendant Experian)

86.    Plaintiff incorporates by reference Paragraphs Nos. 1-2, 4-31, 36-52, and 56-76 of this Complaint as though fully set forth herein at length.

87.    The FCRA mandates that Defendant Experian conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1).   The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

88.    The FCRA provides that if Defendant Experian conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

89.    Plaintiff initiated a dispute with Defendant Experian and disputed inaccurate information reporting in her credit file and requested that Defendant Experian correct and/or delete the inaccurate, misleading, and highly damaging information belonging to an unrelated consumer.

90.    Defendant Experian failed to respond to Plaintiff's dispute and conducted *no* investigation of Plaintiff's dispute, or such investigation, if any, was

20/31

so unreasonable as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

91.    Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

92.    As a result of the Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally

identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

93.    In addition to the foregoing, Plaintiff suffered specific adverse credit actions, including the November 10, 2025, denial of a Capital One Venture Credit Card and the November 13, 2025, denial of a Milestone Mastercard, the latter of which expressly relied on information furnished by Defendants Trans Union and Experian.

94.    Defendant Experian's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

95.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II AS TO TRANS UNION**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Second Claim for Relief Against Defendant Trans Union)**

96.    Plaintiff incorporates by reference Paragraphs Nos. 1, 3-27, 32-55, 58-67, and 77-85 of this Complaint as though fully set forth herein at length.

97.     The FCRA mandates that Defendant Trans Union conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1).   The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

98.     The FCRA provides that if Defendant Trans Union conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

99.     Plaintiff initiated a dispute with Defendant Trans Union and disputed inaccurate information reporting in her credit file and requested that Defendant Trans Union correct and/or delete the inaccurate, misleading, and highly damaging information belonging to an unrelated consumer.

100.   Defendant Trans Union failed to respond to Plaintiff's dispute and conducted *no* investigation of Plaintiff's dispute, or such investigation, if any, was so unreasonable as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

101.   Defendant Trans Union violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was

inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

102. As a result of the Defendant Trans Union's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

103. In addition to the foregoing, Plaintiff suffered specific adverse credit actions, including the November 10, 2025, denial of a Capital One Venture Credit Card and the November 13, 2025, denial of a Milestone Mastercard, the latter of

which expressly relied on information furnished by Defendants Trans Union and Experian.

104.    Defendant Trans Union's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Trans Union was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

105.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III AS TO EXPERIAN**
**15 U.S.C. § 1681b(a)**
**Furnishing a Credit Report Without a Permissible Purpose**
**(Third Claim for Relief Against Defendant Experian)**

106.    Plaintiff incorporates by reference Paragraphs Nos. 1-2, 4-31, 36-52, 56-76, and 86-95 of this Complaint as though fully set forth herein at length.

107.    This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of consumer credit and other financial information.

108.    Plaintiff is a "consumer" as defined by the FCRA.

109.    Defendant Experian is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

*Alexia Jasmine Marie Harvey vs Experian Information Solutions, Inc., et al.*
Complaint

110.   The FCRA prohibits any consumer reporting agency, such as Defendant Experian, from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

111.   On multiple occasions, Defendant Experian furnished Plaintiff's credit report to various entities without a permissible purpose in response to credit applications of another, which did not involve Plaintiff, and which Defendant Experian therefore had no reason to believe that those various credit-issuing entities intended to use Plaintiff's credit information in connection with a credit transaction involving Plaintiff, in violation of 15 U.S.C. § 1681b(a).

112.   Defendant Experian violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit application of an unrelated consumer.

113.   As a result of the Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of

labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

114.   In addition to the foregoing, Plaintiff suffered specific adverse credit actions, including the November 10, 2025, denial of a Capital One Venture Credit Card and the November 13, 2025, denial of a Milestone Mastercard, the latter of which expressly relied on information furnished by Defendants Trans Union and Experian.

115.   Defendant Experian's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

116.   Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III AS TO Trans Union**
**15 U.S.C. § 1681b(a)**
**Furnishing a Credit Report Without a Permissible Purpose**
**(Third Claim for Relief Against Defendant Trans Union)**

117.   Plaintiff incorporates by reference Paragraphs Nos. 1, 3-27, 32-55, 58-67, 77-85, and 96-105 of this Complaint as though fully set forth herein at length.

118.   This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of consumer credit and other financial information.

119.   Plaintiff is a "consumer" as defined by the FCRA.

120.   Defendant Trans Union is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

121.   The FCRA prohibits any consumer reporting agency, such as Defendant Trans Union, from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

122.   On multiple occasions, Defendant Trans Union furnished Plaintiff's credit report to various entities without a permissible purpose in response to credit applications of another, which did not involve Plaintiff, and which Defendant Trans Union therefore had no reason to believe that those various credit-issuing entities intended to use Plaintiff's credit information in connection with a credit transaction involving Plaintiff, in violation of 15 U.S.C. § 1681b(a).

*Alexia Jasmine Marie Harvey vs Experian*
*Information Solutions, Inc., et al.*
Complaint

123. Defendant Trans Union violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit application of an unrelated consumer.

124. As a result of the Defendant Trans Union's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her good credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

125. In addition to the foregoing, Plaintiff suffered specific adverse credit actions, including the November 10, 2025, denial of a Capital One Venture Credit Card and the November 13, 2025, denial of a Milestone Mastercard, the latter of

which expressly relied on information furnished by Defendants Trans Union and Experian.

126.   Defendant Trans Union's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Trans Union was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

127.   Plaintiff is entitled to recover attorneys' fees and costs from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 24, 2026

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933

30/31

*Alexia Jasmine Marie Harvey vs Experian
Information Solutions, Inc., et al.*
Complaint

CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4605p
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Alexia Jasmine Marie Harvey*

*Alexia Jasmine Marie Harvey vs Experian*
*Information Solutions, Inc., et al.*
Complaint